JOHN P. HENDERSON, ESQ. SB#125222
**LAW OFFICES OF JOHN P. HENDERSON**
1522 Lincoln Way
Auburn, CA 95603
Telephone: (530) 889-0304
Facsimile: (530) 889-0306

Attorney for Plaintiff DAVID JONES

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID JONES, | CASE NO. |
| Plaintiff, | **COMPLAINT FOR VIOLATION OF ERISA** |
| vs. | |
| PRUDENTIAL INSURANCE COMPANY; WESTERN CONFERENCE OF TEAMSTERS PENSION TRUST, | |
| Defendants. | |

Plaintiff DAVID JONES alleges as follows:

**GENERAL ALLEGATIONS**

1. Defendant WESTERN CONFERENCE OF TEAMSTERS PENSION TRUST ("TPT") is an corporation duly authorized to conduct retirement pension business within the State of California.

2. Defendant PRUDENTIAL INSURANCE COMPANY is a corporation duly authorized to conduct retirement pension insurance business within the State of California.

2. The true names and capacities of other individuals, corporate, associate, or

1

otherwise as defendants DOES 1 through 25, inclusive, are unknown to plaintiff, who, therefore, sues said defendants by such fictitious names. Plaintiff will amend this complaint to show their true names and capacities when the same has been ascertained. Plaintiff is informed and believes and thereon alleges that each of the defendants, DOES 1 through 25, inclusive, are negligently or otherwise legally responsible in some manner for the events referred to in this complaint, and negligently, or otherwise, proximately caused this injury and damages to plaintiff as alleged is this complaint.

3. Plaintiff is informed and believes and thereon alleges, that at all times herein mentioned, each defendant was the agent or employee of the remaining defendants and in doing the things mentioned in this complaint, was acting within the scope and course of his, her, or its authority of such agent or employee with the permission and consent of each of the other defendants.  At all times herein mentioned, defendants owed a fiduciary duty to plaintiff to procure, provide and maintain retirement pension insurance coverage and benefits for plaintiff in the event plaintiff retired.

4. Plaintiff was employed by Emery Air and Ground Freight as a Class B truck driver and fork lift operator in Los Angeles from December 1984 to May 2004.  Since approximately 1984, plaintiff has contracted for and paid for a retirement pension through defendants by way of plaintiffs' employer, Emery.  Defendants contracted with plaintiff Jones in writing to provide plaintiff with retirement pension benefits in exchange for the payment of premiums by plaintiff or plaintiff's employer.  On or about May 2004, plaintiff retired from Emery and moved to the rural Nevada County town of Penn Valley. Plaintiff Jones began receiving retirement benefits from defendants.  On August 21, 2004, plaintiff Jones commenced work as a rural letter route carrier for the U.S. Postal Service. In early 2006, plaintiff completed a questionnaire provided by defendants disclosing his post retirement employment with the U.S. Postal Service.

5. Defendants paid plaintiff retirement benefits from May 2004 until October 2006 when defendants unilaterally, and without legal cause, suspended payment of

2

1  benefits and demanded reimbursement for past benefits paid by defendants.   Defendants
2  contend that plaintiff Jones' benefits were suspended and suspendible under the auspices
3  that plaintiff's employment as a rural letter route carrier is the same trade or craft as a
4  freight hauler and forklift operator and suspendible under the retirement pension policy.
5       6. Plaintiff Jones notified defendants that defendants' claimed bases for
6  suspending payments was erroneous and that a letter carrier is not the same trade or craft
7  as a freight hauler or forklift operator and that payment should not be suspended, but
8  defendants refused to alter their position.    Plaintiff has exhausted any and all remedies
9  available to him by defendants.
10      7. Plaintiff has demanded the promised retirement compensation from defendants
11 under his retirement pension, but defendants refuse.

                          **FIRST CAUSE OF ACTION**

                          **(Violation of ERISA Rights)**

14      8. Plaintiff realleges and incorporates herein as though fully set forth paragraphs 1
15 through 7 of the general allegations.
16      9. Defendants' conduct as alleged above violates plaintiff Jones' rights as stated in
17 the Employee Retirement Income Security Act, Title 29, United States Code Chapter 18.
18      10. As a result of defendants' conduct, plaintiff is entitled to recover back, present
19 and future benefits in the amount originally provided in the retirement plan policy and in
20 an amount greater than $25,000.
21      WHEREFORE, plaintiff prays for judgment against defendants and each of them
22 as follows:
23      1. For past, present and future retirement pension benefits as damages in an
24 amount to be shown at the time of trial.
25      2. For reasonable attorney fees and costs according to statute.
26 ///
27
28

LAW OFFICE OF
JOHN P. HENDERSON

1  3. For such other and further relief as the court deems just and proper.

3  DATED: December 7, 2006        **LAW OFFICES OF JOHN P. HENDERSON**

_____
JOHN P. HENDERSON, ESQ.,
Attorney for Plaintiff DAVID JONES